BEEKMAN, P. J.   The evidence does not warrant any other conclusion than that the plaintiff went into possession of the demised premises as assignee of the term under a written assignment which bears date February 1, 1898.   As such assignee, therefore, it is clear that he was liable only for breaches of the covenants contained in the lease which took place after the transfer had been made to him.   The trial justice consequently erred in allowing so much of the defendant's counterclaim as was predicated upon violations of the lease which took place prior to the assignment, and for which, therefore, the plaintiff's assignor was alone liable.

The claim is made on behalf of the respondent that the counterclaim should be allowed on the further ground that the plaintiff is suing as assignee of the deposit of $250 which was made by the original lessee with the defendant, his landlord, "to be applied for the payment of the rent for the months of March and April, 1898," and that the assigned claim is subject to reduction by the amount set forth in the counterclaim, which was due from said assignor at the time of the assignment.   The difficulty with this contention is that the action is not brought on any such theory.   The complaint was oral, and was stated to be for money had and received, but the bill of particulars which was afterwards served distinctly shows that the action was not brought to recover the amount of the deposit, but a sum of money actually paid by the plaintiff to the defendant, after the assignment, for rent which accrued under the lease for the months of March and April, 1898; his contention being that the rent for those months had already been paid under the terms of the deposit above mentioned, and that the payment so made by him was made under a mistake of fact.   Upon the facts before us, there seems to be no ground for sustaining so much of the counterclaim as covers the period anterior to the assignment.   It follows that the judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur.

---

(24 Misc. Rep. 709.)

### FIRST NAT. BANK OF BUCHANAN v. SMITH.

(Supreme Court, Appellate Term.   October 5, 1898.)

CONTINUANCE—JUSTICE OF THE PEACE.
  Laws 1882, c. 410, § 1362, provides that the court may be adjourned by the justice, or on application of either party, for a period not exceeding eight days at any one adjournment.   Section 1364 authorizes the justice, in case the adverse party is unwilling to consent to an adjournment for a longer period than eight days, to grant an application therefor for a period "not to exceed 90 days from the return of the summons."   Held, that such maximum limit refers to the period of a single adjournment, and not to the aggregate of all adjournments that may have been granted.

Appeal from Second district court.

Action by the First National Bank of Buchanan against B. Eugene Smith.   From a judgment of the municipal court of the city of New York, borough of Manhattan, Second district, for plaintiff, defendant appeals.   Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

Samuel S. Watters, for appellant.
Elisha K. Camp, for respondent.

BEEKMAN, P. J.　The only question raised on this appeal is with respect to the adjournments of the cause granted by the court below, the appellant claiming that, as the total number of such adjournments exceeded 90 days from the return of the summons, the court had lost jurisdiction to proceed with the cause.　Laws 1882, c. 410, § 1364. One of the difficulties with the appeal is that the return of the justice does not show what took place when each adjournment was had, or on whose motion it was granted.　Much on the subject that is contained in the brief for the appellant cannot be found in the record, and must therefore be disregarded.　It does appear that on the return day, after the answer had been interposed, an adjournment for over one month was granted, upon a stipulation to that effect entered into between counsel.　Thereafter, but on whose motion it does not appear, further adjournments were granted from time to time, until February 24th, on which day the trial was had.　On that day, when the case was called, counsel for the appellant appeared, and stated that he objected to proceeding further with the cause, on the ground that the justice had "adjourned the case altogether for a longer period than ninety days from the return day of the summons."　The court overruled the objection, on the ground that most of the adjournments had been had by consent of both parties.

It will be observed that the objection is not to any one or more adjournments granted in violation of the statute, on the motion of the respondent, and against the opposition of the appellant, but is placed solely on the ground that the aggregate time covered by such adjournments, whether granted on the application of the appellant or his opponent, exceeded the statutory limit of 90 days.　The appellant is making a highly technical objection, and under such circumstances will be held rigidly to the exact limit of the objection made, especially as it does not appear that he has been in any way prejudiced by the continuance granted.　His contention that the 90-days limit specified in section 1364, above referred to, is not confined to a single adjournment, but includes the aggregate of all that may have been granted, is untenable.　Laws 1882, c. 410, § 1362, provides that the trial of an action in these courts may be adjourned by the court, or on the application of either party, for a period not exceeding 8 days at any one adjournment, unless the defendant is under arrest, to meet which case special provisions are made.　It also declares that "the trial may be adjourned for a longer period by consent or where neither party objects to the same."　Section 1364 provides for cases where an adjournment is sought for a longer period than 8 days by either party, and presupposes a situation where the other side is unwilling to consent thereto.　In such a case the justice is authorized to grant the application for a period "not to exceed ninety days from the return of the summons," upon certain terms not necessary to refer to here.

Manifestly, this maximum limit applies only to the period of the particular adjournments asked for. Any other construction would not only be against the plain language of the statute, but would also be unreasonable, for it would require the court to count against the moving party all of the adjournments which had been obtained by his opponent. The objection, then, as taken by the appellant, cannot be sustained. As has been already said, the propriety of the various adjournments which were granted cannot be reviewed here, in the absence of any evidence on the record of the circumstances under which they were respectively allowed, beyond the fact that most of them were granted on the consent of counsel for appellant, which, of course, to that extent, renders them unimpeachable.

Judgment affirmed, with costs. All concur.